```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

**JOVAN DECAY**                                                    **CIVIL ACTION**

**VERSUS**                                                         **NO. 12-1888**

**WARDEN TERRY TERRELL**                                           **SECTION "C"(5)**

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. §2254(e)(2).  IT IS HEREBY RECOMMENDED that the instant petition be **DISMISSED WITH PREJUDICE** as time-barred.

I.   STATE COURT PROCEDURAL BACKGROUND

The petitioner, Jovan Decay, is currently incarcerated in the Allen Correctional Center in Kinder, Louisiana.[1] On May 13, 2005, Decay was charged by bill of information with one count of possession of MDMA, one count of possession with the intent to distribute cocaine, and one count of possession of marijuana,

---

[1] Rec. Doc. No. 3.

fourth offense.[2]  On November 15, 2006, following trial by jury in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Decay was found guilty as charged on all three counts.[3] On March 1, 2007, the trial court sentenced Decay to five years as to count one, 15 years as to count two and a fine of $10,000.00, and ten years as to count three, with all sentences to be served concurrently.[4]  On that same date, the State filed a multiple offender bill of information as to count two, and Decay entered a plea of guilty to the multiple bill charging him as a third felony offender.[5]  Thereafter, the trial court vacated Decay's original sentence as to count two and resentenced Decay to 20 years incarceration to run concurrently with Decay's other sentences and to be served without benefit of probation or suspension of sentence and no good time.[6]

On June 19, 2008, the Louisiana Fifth Circuit Court of Appeal affirmed Decay's convictions and sentences except to the extent that the trial court ordered Decay's habitual offender sentence to be served without benefit of good time.  The state appellate court remanded the matter, instructing the trial court to vacate the

---

[2]St. Rec. Vol. 3 of 6, p. 35

[3]St. Rec. Vol. 3 of 6, pp. 27-28; Vol. 4 of 6, pp. 400-01.

[4]St. Rec. Vol. 3 of 6, p. 126.

[5]St. Rec. Vol. 3 of 6, pp. 127-29.

[6]St. Rec. Vol. 3 of 6, p. 130.

prohibition on good time eligibility.[7]  On April 13, 2009, the Louisiana Supreme Court denied Decay's writ application without opinion.[8]

Decay's conviction became final 90 days later, on July 13, 2009, when he did not file a writ application with the United States Supreme Court.[9] Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir.2003) (citing 28 U.S.C. §2244(d)(1)(A); Flanagan v. Johnson, 154 F.3d 196, 200-01 (5th Cir.1998)); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir.1999) (citing 28 U.S.C. §2244(d)(1)(A)); U.S. Sup.Ct. R. 13(1).

On March 4, 2010, Decay submitted an application for post-conviction relief with the state district court, raising three claims for relief:  Claim One - A State's witness gave false testimony and the State knew or should have known that the testimony was false.  Claim Two - He received ineffective assistance of counsel.  Claim Three - He was denied due process by

---

[7]State v. Decay, 989 So.2d 132 (La. App. 5th Cir. 06/19/08); St. Rec. Vol. 2 of 6, tab 1.

[8]State v. Decay, 5 So.3d 161 (La. 2009).  St. Rec. Vol. 2 of 6, tab 3.

[9]Decay's 90-day statute of limitations actually expired on July 12, 2009.  However, because the 12th was a Sunday, the deadline is extended until to Monday, July 13, 2009.  See Fed. R. Civ. P. 6(a) (if the last day of statute of limitations "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day tht his not a Saturday, Sunday, or legal holiday.").

virtue of the trial court's denial of his request for documents.[10] On March 23, 2010, the state district court denied relief, finding Claim One to be procedurally barred because Decay knew of the claim but inexcusably failed to raise it on appeal, and Claim Three to be procedurally barred because it was not a claim listed under LSA-C.Cr.P. art. 930.3 as subject to post-conviction review.  The district court denied Claim Two on the merits.[11]  On June 16, 2010, the Louisiana Fifth Circuit granted Decay's writ with regard to Claim One, stating that the district court erred in not providing Decay with an opportunity to state reasons for his failure to raise Claim One on appeal.[12]

On August 27, 2010, the district court, having provided Decay with an opportunity to state reasons for his failure to raise Claim One on appeal,[13] denied relief, finding "no merit to his claim." The district court also found Decay's post-conviction application

---

[10] St. Rec. Vol. 2 of 6, tab 4.

[11] St. Rec. Vol. 2 of 6, tab 6.

[12] State v. Decay, No. 2010-KH-0427 (La. App. 5th Cir. 06/16/10). St. Rec. Vol. 2 of 6, tab 7.  The state appellate court further ordered the district court to determine if Decay was entitled to court-appointed counsel.

[13] At the same time the district court gave Decay an opportunity to state his reasons for his failure to raise Claim One earlier, the court determined that Decay was "not entitled to court appointed counsel."  St. Rec. Vol. 2 of 6, tab 8.

to be untimely.[14]  On December 13, 2010, the Louisiana Fifth Circuit again granted Decay's writ application, finding that the district court erred in finding Decay's post-conviction application time-barred and remanded the matter for a determination on the merits.[15]

On January 4, 2011, pursuant to the state appellate court's remand, the district court denied Claim One on the merits.[16]  On August 30, 2011, the Louisiana Fifth Circuit denied Decay's writ application, finding that the trial court did not err in denying Claims One and Two on the merits and finding Claim Three procedurally barred.[17]

On September 28, 2011, Decay filed an "Application for Writ of Mandamus and Enforcement Order" with the Louisiana Supreme Court. In his pleading, Decay complained that the district court failed to comply with the state appellate court rulings in State v. Decay, No. 2010-KH-0427, and Decay v. State, 2010-KH-0886. Decay stated: "The Criminal District Court continues to deny the merits of the Fifth Circuit Court's Orders as provided under Docket Nos. 10-KH-

---

[14]St. Rec. Vol. 2 of 6, tab 10.

[15]Decay v. State, 2010-KH-0886 (La. App. 5th Cir. 12/13/10). St. Rec. Vol. 2 of 6, tab 11.

[16]St. Rec. Vol. 2 of 6, tab 12.

[17]State ex rel. Decay v. State, 2011-KH-0724 (La. App. 5th Cir. 08/30/11).  St. Rec. Vol. 2 of 6, tab 13.

427 and 10-KH-886."[18]  Decay argued that in light of the district court's failure to comply with the appellate court orders, "it is totally impossible" for the Louisiana Supreme Court "to render a proper analysis . . . ."[19]  In relief, Decay requested that the Supreme Court order the Louisiana Fifth Circuit, specifically Judges Fredericka Homberg Wicker, Susan M. Chehardy, and Marc E. Johnson, to compel the district court to conduct an evidentiary hearing based upon the fact that his post-conviction claims were "timely raised."[20]  On May 25, 2012, the Louisiana Supreme Court denied Decay's writ of mandamus without opinion.[21]

II.  FEDERAL HABEAS PETITION

On June 24, 2012, Decay filed a petition for writ of habeas corpus under 28 U.S.C. §2254.[22]  On October 26, 2012, the State filed a motion and supporting memorandum to dismiss Decay's petition or alternatively to require amendment of the petition[23] based upon Decay's failure to comply with the requirements of Rule 2(c)(2) of the Rules Governing Section 2254 Cases in the United

---

[18]St. Rec. Vol. 6 of 6, tab 23, p. 6.

[19]St. Rec. Vol. 6 of 6, tab 23, p. 6.

[20]St. Rec. Vol. 6 of 6, tab 23, p. 8.

[21]State ex rel. Decay v. State, 90 So.3d 400 (La. 2012).  St. Rec. Vol. 2 of 6, tab 15.

[22]Rec. Doc. No. 3.

[23]Rec. Doc. Nos. 11 and 11-1.

6

States District Courts.[24]  On November 16, 2012, the Court granted the State's alternative relief request and ordered that the Clerk of Court forward a blank habeas petition to Decay and directed Decay to complete same in accordance with Rule 2(c).[25]  On January 7, 2013, Decay filed an amended complaint raising the following claims:  1) The trial court erred in denying his motion to sever and motion in limine.  2) The trial court erred by not allowing defense counsel to cross-examine Deputy Barrette regarding prior complaints that he used excessive force.  3) He received ineffective assistance of counsel.  4) The evidence was insufficient to support his convictions.  5) The trial court erred by not declaring a mistrial.  6) The trial court erred in denying his motion for a new trial.  7) He received an excessive sentence.  8) He was denied due process because Officer Barrett knowingly gave false testimony and the State knew or should have known that the testimony was false.  9) He was denied due process when his motion for production of documents was denied.[26]  The State filed a response, arguing that Decay's petition is not timely filed under

---

[24]Rule 2(c)(2) provides that a Section 2254 petition must state the facts supporting each ground for relief.  In his petition, Decay merely referred the Court to his state court pleadings, stating:  "Kindly review all attached applications."  Rec. Doc. 3, p. 5.

[25]Rec. Doc. No. 14.

[26]Rec. Doc. No. 18.

7

federal law and that Decay has failed to exhaust his state court remedies.[27]

III. <u>GENERAL STANDARDS OF REVIEW</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. §2254. The AEDPA went into effect on April 24, 1996[28] and applies to habeas petitions filed after that date. <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998)(citing <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997)). The AEDPA therefore applies to Decay's petition.

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; <u>i.e.</u>, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. <u>Nobles v. Johnson</u>, 127 F.3d 409, 419-20 (5th Cir. 1997)(citing 28 U.S.C. §2254(b),(c)).

---

[27]Rec. Doc. No. 22.

[28]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. <u>United States v. Sherrod</u>, 964 F.2d 1501, 1505 (5th Cir. 1992).

The Court finds that Decay's federal petition is untimely and should be dismissed for that reason.[29]

IV.  STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his §2254 petition within one year of the date his conviction became final.[30] Duncan v. Walker, 533 U.S. 167, 179-80 (2001). Decay's conviction became final on July 13, 2009, when he did not file a writ application with the United States Supreme Court. Thus, under a literal application of the statute, Decay had until July 13, 2010, to file his federal habeas petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled, but only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d

---

[29]In light of the Court's finding of untimeliness, it is unnecessary for the Court to address the exhaustion issue raised by the State.

[30]The statute of limitations provision of the AEDPA sets forth other triggers for the running of prescription. None of the other triggers are applicable in this case.

9

710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Decay has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and the Court's review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent. See Holland v. Florida, 130 S.Ct. 2549, 2574–75 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599–600 (5th Cir.2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292

F.3d 226 (5th Cir.2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999), cert. denied, 529 U .S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17–day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n. 2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan v. Johnson, 154 F.3d 186, 99 n. 1 (5th

11

Cir.1998). The Supreme Court has clearly described this provision as a tolling statute. Duncan v. Walker, 533 U.S. 167, 175-78, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n. 1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. 8/27/98)(Table, Text in Westlaw); Gray v. Waters, 26 F.Supp.2d 771, 771-72 (D.Md.1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of §2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-07 n. 4 (5th Cir.2000)(quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th

Cir.1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir.2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir.2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'"

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir.2000)(state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug.30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir.2005). Requests

for document and transcript copies also are not other collateral review for purposes of the tolling calculation. Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr.12, 1999)(Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); Brown v. Cain, 112 F.Supp.2d 585, 587 (E.D.La.2000), aff'd, 239 F.3d 365 (5th Cir.2000); Gerrets v. Futrell, No. 01-3080, 2002 WL 63541 (E.D.La. Jan.16, 2002)(Vance, J.); Jones v. Johnson, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D.Tex. Aug.13, 2001) (petitioner should file application and then continue to gather transcripts); Grayson v. Grayson, 185 F.Supp.2d 747, 751-52 (E.D.Mich. Jan.3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

The one-year AEDPA limitations period began to run in Decay's case on July 14, 2009, the day after his conviction was final. The limitation period ran without interruption for 232 days, until March 4, 2010, when Decay submitted an application for post-conviction relief with the state district court. Decay continually pursued post-conviction relief, and prescription remained tolled, until August 30, 2011, when his efforts in this regard came to an end by virtue of the Louisiana Fifth Circuit's decision denying his post-conviction writ application.[31]

---

[31] See discussion supra at pp. 3-5.

14

Pursuant to Rule X, §5(a) of the Rules of the Louisiana Supreme Court, Decay had 30 days from August 30, 2011, until September 29, 2011, to file a writ application with the Louisiana Supreme Court seeking review of the Louisiana Fifth Circuit's decision denying post-conviction relief.[32] Decay did not file the required writ application. Instead, Decay sought mandamus relief from the state high court.[33] The United States Fifth Circuit Court of Appeals has held that an application for a writ of mandamus does not qualify for tolling credit because it is not an application for state post-conviction relief or other collateral review. Moore v. Cain, 298 F.3d 361 (5th Cir. 2002).

---

[32]Louisiana Supreme Court Rule X, Section 5(a) provides: An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs (but not when the court has merely granted an application for purposes of further consideration), or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal; however, if a timely application for rehearing has been filed in the court of appeal in those instances where a rehearing is allowed, the application shall be made within thirty days of the mailing of the notice of denial or rehearing or the judgment on rehearing. No extension of time therefor will be granted.

[33]Specifically, Decay sought to have the Louisiana Supreme Court compel the Louisiana Fifth Circuit to order the state district court to comply with the appellate court's earlier rulings. Decay explained that until the requested mandamus relief was granted, "it is totally impossible" for the Louisiana Supreme Court to render proper post-conviction analysis. See discussion supra at pp. 5-6.

Accordingly, Decay's statute of limitations commenced to run again on September 29, 2011, and did so for the remaining 133 days, until February 9, 2012, when it expired. Decay had no properly filed state post-conviction or other collateral review pending during that time period.

## RECOMMENDATION

For the foregoing reasons, it is RECOMMENDED that the petition of Jovan Decay for issuance of a writ of habeas corpus under 28 U.S.C. §2254 be DISMISSED WITH PREJUDICE as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir.1996)(en

banc)(citing 28 U.S.C. §636(b)(1)).[34]

       New Orleans, Louisiana, this  29th day of ＿＿＿July＿＿＿, 2013.

                                                          /s/ Alma L. Chasez
                                                          ALMA L. CHASEZ
                                      UNITED STATES MAGISTRATE JUDGE

---

[34] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.